The PEOPLE of the State of Colorado, Complainant,

v.

Patrick Martin REEDY, Attorney–Respondent.

No. 98SA262.

Supreme Court of Colorado, En Banc.

Oct. 19, 1998.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Patrick Martin Reedy, Pro Se, Denver.

PER CURIAM.

An inquiry panel of the grievance committee approved a stipulation, agreement, and conditional admission of misconduct between the deputy disciplinary counsel and the respondent in this lawyer discipline case, Patrick Martin Reedy. *See* C.R.C.P. 241.18. The conditional admission and the panel recommended that Reedy be suspended for one year and one day. We accept the conditional admission and order that the respondent be suspended for a year and a day.

I.

Patrick Martin Reedy was admitted to the bar of this court on May 21, 1986. The conditional admission proposes the disposition of three formal complaints filed against Reedy, Nos. GC 96A–106, GC 97A–50, and GC 97A–88. The conditional admission provides as follows.

A. No. GC 96A–106

John L. Marshall spoke to Reedy in August 1993 concerning a paternity action brought against Marshall. In October 1993, he paid Reedy a $500 retainer obtaining respondent's services to represent him in the paternity case. Genetic testing indicated that Marshall was not the father of the child in question. Reedy did not provide Marshall with any accounting of the time and legal services performed to justify the $500 fee.

Marshall also hired Reedy to collect a debt, but Reedy never filed a complaint nor did he effect service of process. Finally, Marshall paid Reedy $100 to ship his cat to California where Marshall had decided to move. Reedy did not ship the cat but kept the $100. According to the complainant, Reedy has since returned the $100, but the cat has died.

Reedy has admitted that his conduct violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer), Colo. RPC 1.5(a) (charging an unreasonable fee), and C.R.C.P. 241.6(3) (violating the highest standards of honesty, justice, or morality).

B. No. GC 97A–50

Gloria R. Velasquez was charged with three counts of vehicular assault in April 1995. She was originally represented by a public defender and trial was set for March 4, 1996. Velasquez decided to obtain a private lawyer, so on February 26, 1996, she hired Reedy and paid him a $250 retainer. There was no written fee agreement, but Velasquez agreed to make payments on the unpaid balance of her attorney fees. Reedy alleges that he sent her a statement of services dated February 26, 1996, in which he characterized the $250 as a "non-refundable retainer," but Velasquez denies receiving such a statement.

Reedy said that he would appear in court on her behalf on February 29 and would request a continuance of the trial date. He did not instruct her to come with him to court. When he did appear in court without his client, the trial court denied his motions for substitution of counsel and for a continuance because Velasquez was not present to waive speedy trial requirements. Although Reedy notified her that the judge would not allow him to represent her, he did not refund the $250 she had paid him. Although he later promised a partial refund, he has not refunded any of the money to her.

As he has stipulated, the foregoing conduct violated Colo. RPC 1.3 (neglecting a legal matter), Colo. RPC 1.5(a) (charging an unreasonable fee), and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

C. No. GC 97A–88

Count I

In June 1997, Brian Fladerman contacted a lawyer to represent him in several legal matters for which he had previously retained Reedy to represent him. Fladerman was not

satisfied with Reedy's services. On June 10, he retained the other lawyer's firm. The law firm's office manager repeatedly tried to contact Reedy concerning motions for substitution and the transfer of documents related to Fladerman's cases, but without success. The office manager learned that Reedy had been suspended since January 14, 1997, for failing to pay his attorney registration fee. At a court date set for June 12, 1997, Fladerman's new lawyer appeared in court on his behalf. While respondent should have been aware of the court date, he did not appear. Later on the same day, the judge's clerk notified the law firm's office manager that Reedy was attempting to enter his appearance for Fladerman. After the office manager advised the court of Reedy's suspension, he was not allowed to enter an appearance in the case.

During the course of his representation, Reedy told Fladerman not to pay a fine that had been assessed against him, but to pay Reedy's attorney fees with the money instead. Fladerman paid Reedy, believing that he had arranged for certain pending criminal matters to be dismissed. Because the matters were not dismissed, a warrant was issued for Fladerman's arrest. Fladerman's mother paid Reedy over $900 to represent her son, but Reedy performed little or no work on the various cases.

Reedy admitted that he violated Colo. RPC 1.3 (neglecting a legal matter), Colo. RPC 1.4 (failing to communicate appropriately with a client), Colo. RPC 5.5(a) (practicing law in violation of the regulations of the legal profession), and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

#### Count II

Reedy was cited two times on June 1, 1996, for driving under the influence of alcohol. He failed to appear in court on the original summons return date. On November 13, 1996, the prosecution offered a plea bargain by which Reedy was to plead guilty to two counts of driving while ability impaired. However, Reedy declined the offer. Later, on February 13, 1997, Reedy offered to plead guilty to two counts of DWAI so long as other traffic charges were dismissed, and an agreement was reached. However, when Reedy appeared in court on May 15, 1997, he denied that any agreement had been reached for him to plead guilty to two DWAI counts. The prosecutor suspected that Reedy was intoxicated and a breath test revealed that Reedy had a blood alcohol concentration of 0.098% at 2:00 in the afternoon. Reedy apologized and agreed to accept the original offers.

Reedy pleaded guilty on May 16, 1997. He was sentenced to a year's probation, a thirty-day suspended jail sentence, and twenty-four hours of community service. He failed to report these convictions to the Office of Disciplinary Counsel, however, as required by C.R.C.P. 241.16(b).

Reedy's conduct violated Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice), Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on the lawyer's fitness to practice), and C.R.C.P. 241.6(5) (violating the laws of a state or of the United States).

#### II.

The inquiry panel approved the conditional admission and its recommendation of a suspension for one year and one day. The most serious misconduct is Reedy's neglect of multiple client matters and his charging of unreasonable attorney fees. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. Moreover, suspension is called for "when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client." *Id.* at 4.12; *see also id.* at 7.2 (stating that suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, causing injury or potential injury). Because Reedy did not knowingly misappropri-

ate any of the client funds involved in this case, a sanction less than disbarment is appropriate. *See People v. Torpy,* No. 97SA302, slip op. at 9–10, 1998 WL 643653, 966 P.2d 1043, 1044 (Colo. Sept.14, 1998).

Factors in aggravation include a dishonest or selfish motive, *see* ABA *Standards* 9.22(b); a pattern of misconduct, *see id.* at 9.22(c); and the presence of multiple offenses, *see id.* at 9.22(d). In mitigation, Reedy has not been previously disciplined. *See id.* at 9.32(a).

We agree that a lengthy period of suspension with the requirement that Reedy petition for reinstatement is necessary to ensure that he is once again fit to practice law and is free of alcohol-related problems. We therefore accept the conditional admission and the inquiry panel's recommendation.

### III.

Accordingly, it is hereby ordered that Patrick Martin Reedy be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. It is further ordered that Reedy pay the costs of this proceeding in the amount of $157.58 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435, within thirty days after the announcement of this opinion.